UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:13-CR-14-BR
No. 7:14-CV-34-BR

| | |
|---|---|
| JEFFREY SCOTT LEWIS, )<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>Respondent. ) | O R D E R |

This matter is before the court on the government's motion to dismiss petitioner's 28 U.S.C. § 2255 motion. (DE # 42.)

In May 2013, petitioner pled guilty to possession with intent to distribute a quantity of cocaine on or about 25 January 2012 in violation of 21 U.S.C. § 841(a)(1) ("Count One") and using and carrying a firearm during and in relation to a drug trafficking crime and possession of a firearm in furtherance of that crime on or about 25 January 2012 in violation of 18 U.S.C. § 924(c) ("Count Two"). In September 2013, the court sentenced petitioner to five months imprisonment on Count One and 60 months imprisonment on Count Two, to run consecutively to the sentence of imprisonment on Count One. Petitioner did not appeal. In March 2014, petitioner timely filed his § 2255 motion. (DE # 38.) Upon initial review, the court directed the government to file an answer or other appropriate response. (DE # 39.) The government filed the instant motion. Despite having received notice of the government's motion, (DE # 44), and being allowed additional time within which to respond to the motion, (DE # 49), petitioner has not filed a response.

The government requests that petitioner's § 2255 motion be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). "A motion to dismiss pursuant to Rule 12(b)(6)

should be granted only if 'it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Ashann-Ra v. United States, Nos. 5:96-CR-39-BR, 5:08-CV-302-BR, 2009 WL 3448431, at *3 (E.D.N.C. Oct. 26, 2009) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)). Petitioner asserts the following grounds for relief: (1) ineffective assistance of counsel; (2) actual innocence of Count Two; and (3) for discovery. (Mot., DE # 38, at 4, 6, 7.)[1] The court addresses each ground in turn.

Petitioner first claims that his counsel was ineffective. The applicable legal standard for an ineffective assistance claim is well established. Under the principles of Strickland v. Washington, 466 U.S. 668 (1984),

> a meritorious ineffective assistance claim must demonstrate two things: first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the defense. Under the second prong of *Strickland* 's test, there is a "strong presumption" that counsel's strategy and tactics fall "within the wide range of reasonable professional assistance." For counsel's trial performance to be deficient, he must have "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and that "counsel's representation fell below an objective standard of reasonableness." To establish prejudice, a defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Under *Strickland,* a reasonable probability is a "probability sufficient to undermine confidence in the outcome."

Burch v. Corcoran, 273 F.3d 577, 588 (4th Cir. 2001) (citations omitted), cert. denied, 535 U.S. 1104 (2002).

Specifically, petitioner contends that counsel should not have advised him to plead guilty to Count Two because, under Watson v. United States, 552 U.S. 74 (2007), he is actually

---

[1] Page citations are to those generated by cm/ecf.

2

Case 7:13-cr-00014-BR   Document 50   Filed 09/15/14   Page 2 of 4

innocent of this Count.  In Watson, the Court held "that a person does not 'use' a firearm under § 924(c)(1)(A) when he receives it in trade for drugs."  552 U.S. at 83.  In support of his position that he did not use a firearm, petitioner states, "Petitioner sold the guns to the undercover officer and also sold one gun for drugs to the undercover officer."  (Mot., DE # 38, at 4.)  As the government notes, petitioner's offense conduct outlined in the presentence report ("PSR") does not identify an incident where petitioner sold a gun for drugs.  (Mem., DE # 43, at 6 n.1.) Rather, the PSR outlines two occasions where petitioner sold a gun and drugs to a confidential informant and one occasion where petitioner agreed with the confidential informant to trade cocaine for marijuana (petitioner was arrested before the trade occurred).  (PSR, DE # 27, ¶¶ 4-6.)  Petitioner did not lodge any objections to the PSR, including this recitation of his offense conduct.  (Id. at 17.)  At sentencing, the court adopted all factual findings in the PSR.  Thus, the court found as a fact, and it is conclusively established, that petitioner sold a firearm and drugs. This conduct violates § 924(c).  See United States v. Latham, No. 13-4656, 2014 WL 3686099, at *2 (4th Cir. July 25, 2014) (unpublished) ("Selling guns and drugs in the same transaction constitutes 'use' of firearm in the context of § 924(c)." (citing United States v. Claude X, 648 F.3d 599, 603-04 (8th Cir. 2011)).  Because petitioner violated § 924(c), counsel was not ineffective for advising petitioner to plead guilty to Count Two.  For the same reason, petitioner is not "actually innocent" of this Count.  Therefore, petitioner's two grounds for § 2255 relief fail.

What petitioner asserts as a third ground for relief– for discovery– is not a separate basis for § 2255 relief.  Rather, it is simply a request for the court to authorize petitioner to conduct discovery.  See R. 6, Rules Governing Section 2255 Proceedings.  Based on the conclusion that

3

petitioner is not entitled to any relief, there is no reason for the court to authorize discovery.

Accordingly, the government's motion to dismiss is ALLOWED, and the § 2255 motion is DISMISSED. The court finds that petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, a certificate of appealability is DENIED.

This 15 September 2014.

 _____
 W. Earl Britt
 Senior U.S. District Judge